UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COREY ELDON SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01090-SEB-TAB |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER ON PENDING MOTIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING ENTRY OF FINAL JUDGMENT**

Corey Eldon Smith's petition for a writ of habeas corpus seeks relief from his conviction and sanctions in prison disciplinary case WCC 24-04-1808. For the following reasons, his petition is denied, and this action is dismissed with prejudice.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

On April 11, 2024, prison officials were viewing the cameras in the N Dorm to ensure that the lights in the hallways were working, but they were not. Dkt. 11-1. They observed Mr. Smith "twisting and unscrewing the light bulbs, eventually breaking the bulbs" at approximately 11:33 p.m. the night before. *Id.* Mr. Smith was charged with offense 215, unauthorized possession of property. *Id.*

On April 23, a screening officer notified Mr. Smith of the charge. Dkt. 11-2. Mr. Smith was notified of his rights, and he pleaded not guilty. *Id.* He requested Kenneth Meer, Dereck Johnson, and "dorm RepN1" as witnesses. *Id.* He also requested CCTV video and "maintenance repair order" as evidence. *Id.* A notation "could not obtain" is shown next to the maintenance repair order request on the screening report. *Id.*

On April 24, Officer M. Fike reviewed the video footage Mr. Smith requested and provided a video summary stating: "At 11:33:18 pm I/I Smith, Corey (190184) can be seen reaching into a hallway light multiple times, appearing to be unscrewing something. Eventually the light turns off and does not turn back on." Dkt. 11-5.[1]

On June 12, prison officials issued a pass for Mr. Smith to attend the disciplinary hearing. Dkt. 11-3. The disciplinary hearing officer ("DHO") held a hearing that day, but Mr. Smith failed to appear, so his absence was considered a refusal to attend. Dkt. 11-4; dkt. 11-11 at 2. Incarcerated Individual Kenneth Meer provided the following witness statement:

> Smith did not break the bulbs. They had just put in some LED lights out side his room. [Sic] he was complaining about the light given him a head ack and unscrewed the light. The officer that night thought he had broke it. And he showed her that he

---

[1] The Court's review of the video footage is consistent with the report at dkt. 11-5. The video shows Mr. Smith reaching up toward the ceiling and twisting something and light turning off and on as he did so. First, he turned it off, but when an officer stopped by and talked to Mr. Smith, he turned it back on while she was present. Immediately after she passed, he turned the light back off. The bulb is not shown in the video. Dkt. 13 (*ex parte*).

just unscrewed it and told her why and she sead ok. The next mornin when the cpt. call and asked about it he fixed it and then they took him off the dorm and out of school for just tarning out a light.

Dkt. 11-6 at 1 (errors in original).

Incarcerated Individual Derrick Johnson stated, "Smith didn't touch anything." Dkt. 11-6 at 2.

After considering the evidence, the DHO found Mr. Smith guilty of offense 215, unauthorized possession of property, and sanctioned him with a 90-day loss of earned credit time. Dkt. 11-4.

Mr. Smith's appeals were denied and this habeas action followed.

### III. Discussion

The respondent first argues that Mr. Smith failed to exhaust his administrative remedies as to some of his claims, but the Court finds it more efficient to consider the claims on the merits. *See Washington v. Boughton*, 884 F.3d 692, 698 (7th Cir. 2018).

Mr. Smith's claims are discerned as: 1) he was denied 24-hour notice of the hearing; 2) he was denied his right to attend the hearing; 3) he was removed from programs and his dorm in violation of Indiana Department of Correction ("IDOC") policy; 4) he was denied evidence; and 5) there was insufficient evidence to support the charge. Dkt. 2 at 2-3.

### A. Advanced Notice and Attendance at Hearing

Mr. Smith first argues that he was not given notice of the June 20 hearing nor was he given a pass to attend the hearing. Dkt. 2 at 2. He also alleges that about ten other inmates were not given passes to attend hearings, presumably the same day. *Id.*

Due process requires that an inmate be given advance "written notice of the charges . . . in order to inform him of the charges and to enable him to marshal the facts and prepare a

defense." *Wolff*, 418 U.S. at 564. "The notice should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003) (citations and quotation marks omitted).

In this case, Mr. Smith was given notice of the charge when he was screened on April 23. The hearing was not held until more than a month later. Mr. Smith was given ample notice of the facts underlying the charge and he was able to request witnesses and evidence. Although there are unanswered questions as to why Mr. Smith did not receive a pass to attend the hearing, his failure or inability to attend the hearing did not violate his due process rights. *Wolff* does not require that inmates attend their disciplinary hearings in person. These notice and attendance claims fail.

### B. IDOC Policy Violations

Next, Mr. Smith argues that because of the 215 charge, he was placed in a disciplinary idle dorm and was removed from school programs even before he was found guilty, in violation of IDOC policy. Dkt. 2 at 2. The federal habeas statute permits a state inmate to challenge the duration of his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Mr. Smith alleges violations of IDOC policy, but this does not state a cognizable claim for habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Keller v. Donahue,* 2008 WL 822255, 271 Fed. Appx. 531, 532 (7th Cir. Mar. 27, 2008) (an inmate "has no cognizable claim arising from the prison's application of its regulations."). Mr. Smith's allegations relating to his classification and housing are not at issue in this case. This claim is denied.

### C. Denial of Evidence

Mr. Smith next argues that he was denied a copy of the work order showing that the light bulb was replaced on April 11. He contends that if he had broken the light bulb on April 10, there

4

would have been a work order the next day to show that the bulb had to be replaced. Dkt. 2 at 3. No work order could be obtained. Dkt. 11-2.

Due process requires that in prisoner disciplinary proceedings, prisoners be given access to material, exculpatory evidence. *Johnson v. Brown,* 681 F. App'x 494, 496-97 (7th Cir. 2017). Evidence is exculpatory if it undermines or contradicts the finding of guilt, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008).

Mr. Smith was found guilty of offense 215, which prohibits "unauthorized possession, destruction, alteration, damage to, removal, or theft of property." Dkt. 11-10 at 5. Mr. Smith admits that he twisted the bulb to turn it off and when an officer came by, he turned the bulb back on, but when she left, he twisted the bulb to the off position. Dkt. 14 at 4. That officer did not write the conduct report. It was written by another officer who reviewed video footage.

Mr. Smith's request for the work order was considered by the screening officer, who noted "could not obtain." Dkt. 11-2. It is not clear from the record whether any maintenance report ever existed, however, Mr. Smith submitted a copy of the screening report that had a notation that the repair order "does not exist." *See* dkt. 15-1 at 15. If the work order did not exist, then there is no due process error. "Prison administrators are not obligated to create favorable evidence or produce evidence they do not have." *Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017).

If the work order did exist but was not produced, it would be harmless error unless the evidence withheld was material and exculpatory. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (finding that harmless error analysis applies to prison disciplinary proceedings); *Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011) (if petitioner suffers no prejudice as a result of an error, any due process violation is harmless). "Only evidence that undermine[s] or contradict[s]" the

DHO's findings is exculpatory. *Jones,* 637 F.3d at 848. Mr. Smith alleges that the absence of a work order would show that he did not break the light bulb, but even if true, it is not exculpatory, as discussed below. Mr. Smith was not denied material and exculpatory evidence.

### D. Sufficiency of Evidence

In a related claim, Mr. Smith argues that there is no evidence that he broke the light bulb. He contends that because he did not break the bulb, he did not commit the 215 offense.

Mr. Smith admits that he twisted the bulb to turn it off and when an officer made her rounds, he turned the bulb back on "for her," but when she left the hallway, he immediately twisted the bulb back to the off position. Dkt. 14 at 4.

In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (same).

Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Jones*, 637 F.3d at 849. The Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

The issue here is not whether Mr. Smith broke the light bulb. Rather, what matters is whether he violated offense 215 - "unauthorized possession, destruction, alteration, damage to, removal, or theft of property." Even accepting Mr. Smith's contention that he did not break the

light bulb, there was "some evidence" that he violated the rule. He admits to turning the bulb back on after the officer told him to, which supports a finding that his turning the light off was not authorized. Moreover, he "altered" the bulb by turning it off and on. Therefore, there is "some evidence" that Mr. Smith altered property in an unauthorized manner in violation of 215.

### IV.  Pending Motions

Mr. Smith's motion for a summary judgment in his favor, dkt. [15], is **granted to the extent** that the documents submitted were reviewed by the Court but is **denied to the extent** that they support a finding in his favor.

Mr. Smith's motion for default judgment in his favor, dkt. [16], is **denied** for the reasons discussed in this Order.

Mr. Smith's motion for video conference, dkt. [17], is **denied as unnecessary**.

### V.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Smith to the relief he seeks. Accordingly, Mr. Smith's petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice.** Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: _____7/28/2026_____                _Sarah Evans Barker_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

COREY ELDON SMITH
190184
CORRECTIONAL INDUSTRIAL FACILITY (CIF)
CORRECTIONAL INDUSTRIAL FACILITY
Electronic Service Participant – Court Only

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov